DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on July 16, 2010, requesting that the Complaint be dismissed.
A case management conference was held August 19, 2010. David G. Herber, Real Estate Broker, participated for Plaintiff; Karen J. Robey, Appraiser, appeared for Defendant. Plaintiff was allowed more time to submit additional written comments; nothing was received. The record closed September 28, 2010.
This appeal concerns commercial property identified as Account 898270. During the telephonic hearing on August 19, 2010, Plaintiff's representative confirmed he is appealing two tax years; 2008-09 and 2009-10. No appeal was made for 2008-09 to the Linn County Board of Property Tax Appeals (BOPTA). For 2009-10, an appeal was submitted to BOPTA; Defendant's values were sustained in an Order mailed March 8, 2010. From that mailing date, Plaintiff had 30 days to file a timely appeal with the Tax Court. ORS 305.280(4).[1]
Plaintiff's appeal to the Magistrate Division was filed late, on June 7, 2010. *Page 2 
Oregon has a structured appeals system for taxpayers to follow when challenging the real market value (RMV) assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).
For 2009-10, this first step to BOPTA was timely perfected. From the Order date, a limited amount of time was open to Plaintiff. With commercial property such as this, some situations do occur that prevent a taxpayer from timely appealing the BOPTA Order to the court. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing that statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added). *Page 3 
For the 2008-09 tax year, Plaintiff's representative stated the owner did not understand the filing process with BOPTA. For 2009-10, Plaintiff's representative presented similar reasons for Plaintiff's untimely appeal to this court; none were beyond Plaintiff's immediate control. As a result, the court does not find good and sufficient cause for the failure to timely pursue an appeal for either tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this _____ day of November 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or by handdelivery to: Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 daysafter the date of the Decision or this Decision becomes final and cannotbe changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon November 16, 2010. The Court filed and entered this documenton November 16, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.